IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| O'TERRIUS PERNELL,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL PAPER COMPANY, et al.,<br><br>Defendants. | ) | CASE NO. 2:25-cv-00707-BL |

**ORDER**

The Plaintiff initiated this action on September 5, 2025. (Doc. 1). On July 10, 2026, the Magistrate Judge recommended that the court grant the motions to dismiss filed by the Defendants (docs. 29, 40) and decline to exercise supplemental jurisdiction over the Plaintiff's state-law claims. (Doc. 48). The Plaintiff filed objections to the recommendation. (Doc. 49).

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district judge must "make a *de novo* determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."). A district court's

obligation to "make a de novo *determination* of those portions of the report or specified proposed findings or recommendations to which objection is made" requires a district judge to "give *fresh consideration* to those issues to which specific objection has been made by a party." *United States v. Raddatz*, 447 U.S. 667, 673, 675 (1980) (internal quotations and citations omitted) (emphasis in *Raddatz*).

In his objections, the Plaintiff first argues that the Magistrate Judge erred by reviewing his factual allegations in isolation, rather than as a "detailed chronology." (Doc. 49 at 7). However, section III of the recommendation recites the sequence of events alleged in the complaint and supported by the materials attached to the complaint and construes them in the light most favorable to the Plaintiff. (Doc. 48 at 3–7). This objection lacks merit.

With respect to the Hybrid § 301 claim, the Plaintiff argues that the Magistrate Judge failed to consider the facts asserted in his complaint together. Although he asserts generally that his complaint is sufficient, the Plaintiff does not explain how the allegations in the complaint establish that Defendant Local 1978's handling of the grievance was arbitrary, discriminatory, or in bad faith. Therefore, the court agrees with the Magistrate Judge's conclusion that the complaint does not show a breach of the duty of fair representation.

With respect to the retaliation claim, the Plaintiff argues again generally that his complaint, if viewed in its entirety, is sufficient. The Magistrate Judge found

that the Plaintiff did not allege that he engaged in any protected activities. In his objections, the Plaintiff states that he "applied for FMLA on February 14, 2025, and was later approved for FMLA on March 10, 2025." (Doc. 49 at 9). In the complaint, however, he merely alleges that on February 14, 2025, he "sought . . . clarification" regarding absences attributable to an automobile accident. That does not amount to a request for FMLA benefits. The Plaintiff makes the same objections with respect to the FMLA claims. Both claims are due to be dismissed.

With respect to the race discrimination claim, the Plaintiff merely re-alleges that he was treated differently than his Caucasian coworker based on the same conduct. However, this claim still suffers from the same flaw as the retaliation claim in that the Plaintiff incurred no tangible harm. As the Magistrate Judge concluded, none of the actions taken against the Plaintiff by his employer constitute an adverse employment action.

The remainder of the Plaintiff's objections relate to his state-law claims. The Magistrate Judge recommends that the court decline to exercise jurisdiction over those claims. Because the court agrees that the federal claims are due to be dismissed, the court will dismiss the state-law claims as well.

Finally, the Plaintiff requests dismissal without prejudice so that he may amend his complaint. It is the opinion of the court that further amendment would be futile. The Plaintiff has been given multiple opportunities to amend his complaint.

Those amendments and the Plaintiff's objections do not supply reason to believe that an amended complaint would correct the deficiencies. Therefore, the court will dismiss with prejudice. *See Daker v. Bryson*, 841 F. App'x 115, 123 (11th Cir. 2020) (stating that the "general rule against dismissal with prejudice without notice does not apply if the claim is patently frivolous or if amendment would be futile").

After careful review of the file and upon consideration of the recommendation of the Magistrate Judge, it is **ORDERED** as follows:

1. The Recommendation of the Magistrate Judge (doc. 48) is **ADOPTED**.

2. The objections (doc. 49) are **OVERRULED**.

3. Defendant International Paper Company's motion to dismiss (doc. 29) is **GRANTED**.

4. Defendant United Steelworkers Local 1978's motion to dismiss (doc. 40) is **GRANTED**.

5. The Plaintiff's federal statutory claims (Counts II, III, IV, and V) are **DISMISSED** with prejudice for failure to state a claim upon which relief can be granted.

6. The court declines to exercise supplemental jurisdiction over the Plaintiff's state law claims (Counts I, VI, and VII) and those claims are **DISMISSED** without prejudice.

7. This action is **DISMISSED**.

A separate final judgment will be entered.

**DONE** and **ORDERED** on this the 17th day of August, 2026.

BILL LEWIS
UNITED STATES DISTRICT JUDGE